IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>CHI-TOWN VAPERS LLC; CHI-TOWN LABS, INC.; and ROBERT WILSON<br><br>    Defendants. | Civil Action No. 17-cv-5185<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT;
FEDERAL TRADEMARK DILUTION, FEDERAL UNFAIR COMPETITION;
VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT;
<u>AND COMMON LAW TRADEMARK INFRINGEMENT</u>**

Plaintiff, Wm. Wrigley Jr. Company ("Wrigley"), by and through its attorneys, Loeb & Loeb LLP, for its complaint against Chi-Town Vapers LLC, Chi-Town Labs, Inc., and Robert Wilson alleges as follows:

**NATURE OF THE ACTION**

1. There is a growing concern, shared by the FDA, the Senate and others, that the marketing of e-cigarette materials in chocolate, fruit and/or candy flavors harmfully targets children under 18 years of age. This action is brought because Defendants have refused to cease their misappropriation of Wrigley's famous and federally registered trademarks for use on Defendants' e-liquid for electronic cigarettes, in an intentional effort to trade off of the valuable goodwill that Wrigley has built up in its marks. Defendants' unauthorized and infringing use of Wrigley's trademarks is likely to cause confusion, harm the public, and damage Wrigley's valuable rights.

2. Therefore, to address these concerns, Wrigley brings this civil action seeking damages and injunctive relief for willful trademark infringement, dilution, and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq.* and Illinois common law.

### THE PARTIES

3. Wrigley is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. Upon information and belief, Defendant Chi-Town Vapers LLC ("CTV") is an Illinois limited liability corporation with its principal place of business at 528 N. York Rd., Bensenville, Illinois 60106.

5. Upon information and belief, Defendant Chi-Town Labs, Inc. ("CTL") is an Illinois corporation with its principal place of business at 528 N. York Rd., Bensenville, Illinois 60106.

6. Upon information and belief, Defendant Robert Wilson ("Wilson," and, collectively with CTV and CTL, "Defendants") is the owner of CTV and CTL and has at all times directed and controlled the complained of activities by CTV and CTL.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over Wrigley's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Wrigley's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This Court has supplemental jurisdiction over Wrigley's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Personal jurisdiction over Defendants is proper because CTV is a limited liability corporation organized under the laws of the State of Illinois, CTL is a corporation organized under the laws of the State of Illinois, Wilson, on information and belief, resides in the State of Illinois, and because Defendants conduct business from their principal place of business, which is located in the State of Illinois.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside within this District, as Defendants are subject to the Court's personal jurisdiction with respect to this action, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## GENERAL ALLEGATIONS

**I.    WRIGLEY'S FAMOUS TRADEMARKS**

10. Wrigley is a recognized global leader in confections, with a wide range of product offerings including gum, mints, and candies. Wrigley markets products under dozens of well-known brands, including DOUBLEMINT, JUICY FRUIT, LIFE SAVERS, and SKITTLES.

11. For over a century, Wrigley has marketed and sold chewing gum and related products under the famous DOUBLEMINT mark and trade dress, which features green packaging with the word mark DOUBLEMINT in white lettering inside a double arrow design, underneath the word mark WRIGLEY'S (in red lettering since 1926) (the "Doublemint Trade Dress"), as shown below:

3



12. As a result, Wrigley enjoys extensive common law trademark rights in the DOUBLEMINT mark and the Doublemint Trade Dress.

13. Wrigley owns numerous federal registrations for its DOUBLEMINT mark and trade dress, including, but not limited to, Registration Nos. 102,001; 582,862; 2,425,411; 2,776,644; and 2,778,540 (such federal registrations, collectively with the common law trademark rights in the DOUBLEMINT mark and Doublemint Trade Dress, are hereinafter referred to as the "DOUBLEMINT Mark and Trade Dress").

14. Similarly, Wrigley has marketed chewing gum under the famous JUICY FRUIT mark and trade dress, which has for many years consistently included distinctive yellow

4

packaging with a double arrow design (hereinafter referred to as the "Juicy Fruit Trade Dress"), as shown here:



15. As a result, Wrigley enjoys extensive common law trademark rights in the JUICY FRUIT mark and the Juicy Fruit Trade Dress.

5

16. Wrigley has obtained numerous federal registrations for both its JUICY FRUIT mark and the Juicy Fruit Trade Dress, including, but not limited to U.S. Reg. Nos. 105,032; 619,549; and 2,836,550 (such federal registrations, collectively with the common law trademark rights in the JUICY FRUIT mark and Juicy Fruit Trade Dress, are hereinafter referred to as the "JUICY FRUIT Mark and Trade Dress").

17. Each of the above-referenced trademark registrations are valid, subsisting, and in full force under 15 U.S.C. § 1065, and, together with Wrigley's extensive common law rights, make the DOUBLEMINT Mark and Trade Dress and the JUICY FRUIT Mark and Trade Dress (collectively, the "Wrigley Trademarks") valuable assets owned by Wrigley.

18. Wrigley's DOUBLEMINT Registration Nos. 102,001; 582,862; 2,425,411; 2,776,644; and 2,778,540 are incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

19. Wrigley's JUICY FRUIT Registration Nos. 105,032; 619,549; and 2,836,550 are incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

20. Wrigley is the exclusive owner of the Wrigley Trademarks and all of the related business and goodwill throughout the United States. Attached hereto as **Exhibit A** are true and correct copies of the trademark registration certificates for the Wrigley Trademarks as issued by the United States Patent and Trademark Office.

21. Wrigley has expended millions of dollars and significant effort to advertise and promote Wrigley's products bearing the Wrigley Trademarks, and has sold many millions of these products. As a result, each of the Wrigley Trademarks has acquired strong secondary meaning signifying Wrigley.

22. Due to Wrigley's extensive marketing efforts and sales success, the Wrigley Trademarks have each become extremely valuable corporate assets. Wrigley has successfully

licensed its trademarks to third parties who agree to abide by Wrigley's guidelines for use of the trademark(s).

23. The Wrigley Trademarks are strong and distinctive marks, which are immediately recognized by the public as a brand indicator of, and inextricably associated with, Wrigley's products. The Wrigley Trademarks identify authorized products that emanate from, or are licensed or sponsored by, Wrigley.

## II. DEFENDANTS' WRONGFUL ACTS

24. Defendants market and sell e-liquid for electronic cigarettes, online at www.chi-townvapers.com and at their physical retail location in Bensenville, Illinois.

25. Rather than develop their own brand names for their products, Defendants have chosen to market their e-liquid for electronic cigarettes using the trademarks of various other well-known companies, including Wrigley's brand names, without authorization or license. Some examples include: DOUBLEMINT, JUICY FRUIT, SKITTLES, KAHLUA, HAWAIIAN PUNCH, MOUNTAIN DEW, RED BULL, and NUTELLA, as shown below:

7





Case: 1:17-cv-05185 Document #: 1 Filed: 07/13/17 Page 10 of 19 PageID #:10

26. In July 2014, Wrigley's counsel wrote to Defendants detailing Wrigley's rights in its various marks, and demanding that Defendants stop selling products bearing those marks, which at the time were JUICY FRUIT, SKITTLES, and DOUBLEMINT. Defendants did not respond to Wrigley's counsel's letter, but removed the images of the infringing JUICY FRUIT, SKITTLES, and DOUBLEMINT products from their website.

27. However, by November 2015, Defendants resumed marketing and selling e-liquid using the name DOUBLE MINT (and DBL MINT), and copying the look and feel of Wrigley's Doublemint Trade Dress, as shown below:







28. Upon information and belief, Defendants adopted and use DOUBLE MINT, DBL MINT, the green box, and the double arrow design with full knowledge of, and in willful disregard of Wrigley's intellectual property rights, and with the intent to take advantage of the good will that Wrigley has developed in the Wrigley Trademarks.

11

29. Wrigley's counsel again wrote to Defendants detailing Wrigley's rights in the DOUBLEMINT Mark and Trade Dress, and demanding that Defendants stop selling their DOUBLE MINT /DBL MINT product. Defendants did not respond, and still offer the DBL MINT product for sale on their website.

30. Moreover, by January 2017, Defendants resumed marketing and selling e-liquid infringing Wrigley's famous JUICY FRUIT brand, using the mark JOOSY FRUIT and copying the look and feel of Wrigley's Juicy Fruit Trade Dress, as shown below:





31. Defendants adopted and use JOOSY FRUIT, the yellow box, and the double arrow design with full knowledge of, and in willful disregard of Wrigley's intellectual property rights, and with the intent to take advantage of the good will that Wrigley has developed in the Wrigley Trademarks.

### FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement

32. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

33. Defendants' acts are likely to cause confusion, mistake or deception as to source, affiliation, or sponsorship, in violation of 15 U.S.C. § 1114.

34. Upon information and belief, Defendants adopted and use the DOUBLE MINT/ DBL MINT and JOOSY FRUIT marks with full knowledge of, and in willful disregard of Wrigley's rights in its trademarks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. § 1117.

13

35. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

36. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

37. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**Federal Trademark Dilution**

38. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

39. The Wrigley Trademarks are inherently distinctive and famous under 15 U.S.C. § 1125(c).

40. Defendants' unlawful uses of the Wrigley Trademarks in commerce began long after the Wrigley Trademarks became famous.

41. Defendants' conduct causes, and will continue to cause dilution of the distinctive quality of the famous Wrigley Trademarks.

42. Upon information and belief, Defendants adopted and use the DOUBLE MINT/DBL MINT and JOOSY FRUIT marks with full knowledge of the Wrigley Trademarks, and with the willful intention to trade on Wrigley's reputation and/or cause dilution of the famous Wrigley Trademarks, making this an exceptional case pursuant to 15 U.S.C. § 1117.

43. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

14

44. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

45. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Federal Unfair Competition

46. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

47. Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Wrigley, or as to the origin, sponsorship, or approval of Defendants' goods. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

48. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

49. Wrigley has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

50. Defendants' acts also are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Deceptive Trade Practices Pursuant to 815 ILCS §§ 510/1, *et seq*.

51. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

52. Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or their products with Wrigley products; and using deceptive representations or designations of origin in connection with Defendants' products.

53. The unauthorized use by Defendants of the Wrigley Trademarks is causing and is likely to cause substantial injury to the public and to Wrigley, and Wrigley has no adequate remedy at law for this injury. Wrigley is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

## FIFTH CLAIM FOR RELIEF
### Common Law Unfair Competition

54. Wrigley realleges the allegations of the preceding paragraphs as if fully set forth herein.

55. Defendants' acts constitute common law trademark infringement in violation of the common law of the various states, including the state of Illinois.

56. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

57. Defendants' acts are greatly and irreparably damaging to Wrigley and will continue to damage Wrigley unless enjoined by the Court such that Wrigley is without an adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Wrigley respectfully requests that this Court:

1. Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; 815 ILCS §§ 510/1, *et seq.*, and Illinois common law, and that such violations were willful and intentional, making this an exceptional case;

2. Issue a preliminary and permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to the Wrigley Trademarks, including the DOUBLEMINT Mark and Trade Dress, the JUICY FRUIT Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

3. Require Defendants to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks, including the DOUBLEMINT Mark and Trade Dress, the JUICY FRUIT Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley;

4. Require Defendants to immediately deliver to Wrigley for destruction all products, packaging, advertising, and promotional materials bearing or infringing on the Wrigley Trademarks, including the DOUBLEMINT Mark and Trade Dress, the JUICY FRUIT Mark and Trade Dress, or any other trademarks or trade dress owned by Wrigley, pursuant to 15 U.S.C. § 1118;

5. Require Defendants to immediately cease sales of the products described above on their website, www.chi-townvapers.com, and in any other locations on the Internet, including other websites owned or operated by Defendants or any of their affiliates, and any social media platforms owned or operated by Defendants or any of their affiliates;

6. Order Defendants to account to Wrigley all profits wrongfully derived by their unlawful conduct and to pay to Wrigley:

    a. all monetary actual and/or statutory damages sustained and to be sustained by Wrigley as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

    b. all profits, gains, and advantages obtained by Defendants from their unlawful conduct;

    c. exemplary damages, including treble damages resulting from Defendants' unlawful conduct;

    d. pre-judgment interest on all damages; and

    e. Wrigley's costs and disbursements in this action, including its reasonable attorney's fees;

7. Direct that Defendants file with this Court and serve on counsel for Wrigley within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction; and

8. Order any such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Wm. Wrigley Jr. Company respectfully demands a trial by jury of all issues so triable by a jury.

Date: July 13, 2017
Chicago, Illinois

Respectfully submitted,

LOEB & LOEB LLP

By: /s/ Douglas N. Masters
Douglas N. Masters
Loeb & Loeb LLP
321 N. Clark Street
Chicago, IL 60654
Tel: 312-464-3100
Fax: 312-464-3111

*Attorneys for Plaintiff Wm. Wrigley Jr. Company*